**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| DONTE BROWN, | * | Crim. No. MJM-21-358 |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \*

## MEMORANDUM

Currently pending are the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act (ECF 57) and Motion for Leave to File an Untimely Reply (ECF 63) and Defendant Donte Brown's Motion to Dismiss the Indictment (ECF 64). No hearing is necessary. Loc. R. 105.6 & 207.1 (D. Md. 2023). For reasons stated herein, Defendant's Motion to Dismiss the Indictment will be granted in part, and the Indictment shall be dismissed without prejudice. The Government's motions will be denied as moot.

## I.    BACKGROUND

An Indictment was filed in this case on September 14, 2021, charging Brown with one count of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). ECF 1. Brown made an initial appearance on March 3, 2022, and the Office of the Federal Public Defender was appointed to represent him. At that time, Brown was held in state custody pending trial in a separate criminal case in the Circuit Court for Baltimore City, Maryland. Brown was convicted after a jury trial in state court in January 2023 and, according to the

Government, was later sentenced to imprisonment for life plus 35 years. ECF 55. Brown filed an appeal the Appellate Court of Maryland, and the appeal remains pending. *Id.*

In the instant case, the parties began engaging in plea discussions following Brown's conviction in state court in 2023. ECF 63-1 at 2. With Brown's consent, the Government sought and obtained a series of Orders tolling the Speedy Trial Act ("STA") clock for a combined period of October 4, 2022, through August 24, 2023. ECF 15, 23, 31, 34, 45, 49, 51 & 53. But, according to Brown, Government counsel did not contact defense counsel regarding any further tolling of the clock until January 2024. ECF 59 at 1.

This matter was re-assigned to the undersigned district judge on November 15, 2023. The Court directed the parties to file a joint status report on or before January 8, 2024. ECF 54. In a status report filed on that date, counsel for the Government stated that the parties were "involved in plea negotiations." ECF 55. The parties requested "additional time to determine whether Mr. Brown's federal case [could] be resolved short of trial[]" before the Court scheduled any hearing or trial. *Id.* The status report further stated, "The Government plans to file a motion to exclude time [from computation under the STA] through March 9, 2024." *Id.* On the same date, Government counsel contacted Brown's counsel to request consent for the motion to toll the STA clock. ECF 63-1 at 2. Brown's counsel did not respond to this request until February 6, 2024, stating that the defense would consent to toll a prospective period of time but would not consent to retrospective tolling. *Id.* Additionally, Brown's counsel requested supplemental discovery and indicated that they may file a suppression motion. *Id.*

The Government filed its Motion to Exclude Time Pursuant to the Speedy Trial Act (the "Tolling Motion") on February 7, 2024. ECF 57. In the Tolling Motion, the Government requests an order excluding the period from August 24, 2023, through March 20, 2024, from time

computations under the STA, based on a finding that the ends of justice served from excluding this period outweigh the best interest of Brown and the public in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7). *Id.* The Government notes that plea negotiations are ongoing and Brown's counsel "requested additional discovery, which the Government will provide in due course." *Id.* at 5.

Brown filed a response in partial opposition to the Tolling Motion on February 29, 2024. ECF 59. In his response, Brown consents to tolling a period starting on the date of the Tolling Motion but opposes "retroactive exclusion of time" before that date. *Id.* at 1. The Government did not timely file a reply.

The Court conducted a telephonic status conference with counsel for the parties on May 20, 2024. Upon inquiry from the Court, Government counsel stated that she intended to file a reply in support of the Tolling Motion, to which Brown's counsel objected as untimely. A deadline was set for the Government to file a motion for leave to file an untimely reply in support of the Tolling Motion. ECF No. 62. The Government filed its Motion for Leave to File an Untimely Reply on May 28, 2024, which attached a copy of the proposed reply. ECF 63. In response, Brown filed a Motion to Dismiss the Indictment with prejudice. ECF 64. The Government filed a timely response in opposition to the Motion to Dismiss. ECF 66. Brown filed a reply in support. ECF 67.

## II.    APPLICABLE LAW

The Speedy Trial Act "requires the government to proceed to trial within 70 days of the indictment or the defendant's initial court appearance, whichever occurs later." *United States v. Smart*, 91 F.4th 214, 220 (4th Cir. 2024) (citing 18 U.S.C. § 3161(c)(1)). "If this 70-day period elapses and the defendant moves to dismiss the charges on Speedy Trial grounds before trial, then the charges 'shall be dismissed.'" *United States v. Velasquez*, 52 F.4th 133, 136 (4th Cir. 2022)

(quoting 18 U.S.C. § 3162(a)(2)). "But [the Act] also contains exceptions that toll this 70-day clock." *Smart*, 91 F.4th at 220 (citing § 3161(h)).

Apart from several enumerated exceptions, § 3161(h)(7) provides that a period of delay "resulting from a continuance granted by [the court]" may toll the 70-day clock, "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such a period of delay is excludable only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* This ends-of-justice balancing must be conducted contemporaneously with granting the continuance. *United States v. Hart*, 91 F.4th 732, 739–40 (4th Cir. 2024). The Fourth Circuit has held that "nunc pro tunc or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act." *United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984). The court must put its findings on the record "by the time it rules on a defendant's motion to dismiss under the Speedy Trial Act." *United States v. Pair*, 84 F.4th 577, 584 (4th Cir. 2023), *cert. denied*, No. 23-7232, 2024 WL 2709396 (May 28, 2024). Section 3161(h)(7)(B) lists factors for the court to consider in conducting the required balancing.

### III.   ANALYSIS

#### A.  Dismissal of the Indictment

The Indictment in this case must be dismissed under the STA because more than 70 non-excluded days have elapsed since Brown's initial appearance without any trial, and Brown has moved to dismiss the Indictment on that basis. *See* 18 U.S.C. §§ 3161(c)(1), 3162(a)(2); *Velasquez*,

52 F.4th at 136. No status conference was held, and no status report or motion to exclude time was filed at any point during the approximate four-month period between August 24, 2023, and January 7, 2024. More than 130 non-excluded days elapsed during this period. By the time the parties' first status report was filed on January 8, 2024, the time during which this matter was required to proceed to trial under § 3161(c) had expired. It was not until then that the Court was able to conduct the ends-of-justice balancing required by § 3161(h)(7). At that point, it was too late to grant any contemporaneous continuance under § 3161(h)(7) because the 70-day Speedy Trial Act clock had expired. *See Carey*, 746 F.2d at 230 (holding post-expiration "nunc pro tunc or retroactive continuances" to be invalid).

In support of its argument, the Government cites several consent Orders entered by the Court between March 2022 and June 2023, which tolled the STA clock through August 24, 2023. The Government argues that the same reasons offered in support of those Orders warrant further tolling after August 24, 2023. The Court notes, however, that the first two of the prior continuance Orders were based in part on the defense's need for additional time to review discovery. *See* ECF 15 & 23. Several subsequent continuance Orders were based in part on the pendency of trial and sentencing in Brown's separate criminal case in state court. *See* ECF 31, 34, 45, 49 & 51. The foregoing reasons would not justify a continuance in the instant case after the date of Brown's sentencing in the state case in June 2023. Notwithstanding, the final continuance Order (ECF 53) and each of the prior Orders generally reflect the Court's findings that each requested continuance served the interests of justice by accommodating plea negotiations.

The Government now offers the continuation of plea negotiations after August 24, 2023, in support of a finding, pursuant to § 3161(h)(7), that "the ends of justice served by [excluding this period] outweigh the best interest of the public and the defendant in a speedy trial." But, again, the

Court was not presented with any information or evidence about the parties' continuing plea negotiations at any point between August 24, 2023, and November 1, 2023—when the 70-day clock began to run and then expired. The Court could not have made the contemporaneous ends-of-justice finding required by the STA to justify a continuance for that period. The Court was not apprised of the status of the case until January 8, 2024. The Government cites no provision of the STA to support its post-expiration request that the Court adopt past findings in support of a new continuance. *See United States v. Berndt*, Crim. No. JKB-21-0164, 2024 WL 1886122, at *3 (D. Md. Apr. 29, 2024) ("The Government points to no authority that would allow the Court to graft its reasoning relating to prior time periods on to this later time period, and the Court has not identified any.").[1]

In sum, more than 70 non-excluded days have elapsed since Brown's initial appearance, *see* 18 U.S.C. § 3161(c)(1), and the STA therefore requires dismissal of the Indictment "on motion of the defendant." *Id.* §3162(a)(2). Defendant's Motion to Dismiss will be granted in part.

### B. With or Without Prejudice

Having determined that the Indictment is subject to dismissal under 18 U.S.C. § 3162(a)(2), the Court must determine whether dismissal will be ordered with or without prejudice. "The

---

[1] In its proposed reply in support of the Tolling Motion, the Government argues that the pendency of Brown's appeal in his state case supports an automatic exclusion of time from the 70-day STA clock under 18 U.S.C. § 3161(h)(1) as a "period of delay resulting from other proceedings concerning the defendant[.]" In his Motion to Dismiss, Brown argues in response that the pending state appeal is not an excludable "other proceeding" under subsection (h)(1), citing the Supreme Court's decision in *Bloate v. United States*, 559 U.S. 196, 208 (2010), and the Fourth Circuit's decision in *Hart*, 91 F.4th at 739. In its opposition to the Motion to Dismiss, the Government does not assert any substantive argument under § 3161(h)(1), apart from stating that this subsection "has been interpreted to encompass a number of different proceedings and events concerning defendants." ECF 66 at 7. The Government does not argue in its opposition that the state appeal is excludable under subsection (h)(1) and, therefore, appears to have abandoned the argument presented in the Tolling Motion. Moreover, the Government does not explain how Brown's appeal of a final judgment in state court could have possibly impeded or delayed proceedings in the instant case involving separate charges. *But see United States v. Shear*, 825 F.2d 783, 785–86 (4th Cir. 1987) (rejecting argument that automatic exclusion of time § 3161(h)(1) for delay 'resulting from' trial on other charges

decision to dismiss an indictment with or without prejudice is a matter reserved to the discretion of the Court, and neither remedy is presumptively mandated by the Speedy Trial Act." *United States v. Hinch*, 308 F. Supp. 2d 599, 602 (D. Md. 2004) (*United States v. Taylor,* 487 U.S. 326, 334–35 (1988)). "In determining whether to dismiss the case with or without prejudice," § 3162(a)(2) requires the court to "consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Courts may also consider prejudice to the defendant in deciding whether to dismiss the case with or without prejudice. *See Taylor*, 487 U.S. at 341 ("[A]lthough the absence of prejudice is not dispositive, in this case it is another consideration in favor of permitting reprosecution.").

For reasons stated herein, the Court finds that the balance of the relevant factors in this case favors dismissal without prejudice.

### 1. The Seriousness of the Offense

The Court first considers the seriousness of the charged offense. The offense charged in the Indictment is possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). ECF 1. The firearm at issue is a 40-caliber handgun loaded with eight rounds of 40-caliber ammunition. *Id.*; ECF 66 at 1–2, 13–14. It is further alleged that Brown had been convicted of several felonies at the time of the unlawful possession. ECF 66 at 13. The Court finds the alleged offense to be sufficiently serious to weigh against dismissal with prejudice. *See United States v. Reames*, 40 F. App'x 861 (4th Cir. 2002) (affirming dismissal of § 922(g)(1) charge

---

requires inquiry into actual causation); *United States v. Brooks*, --- F. Supp. 3d ----, Crim. No. ELH-20-0034, 2024 WL 2302325, at *20 (D. Md. May 21, 2024) (concluding that "any delay attributable to the trial [on separate charges] is automatically excluded under 18 U.S.C. § 3161(h)(1)(B), without deciding whether the appeal is also excluded under 18 U.S.C. § 3161(h)(1)").

without prejudice, which the district court found to be "very serious"); *United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010) ("As to the first factor, possession of ammunition by a convicted felon and drug user are clearly serious crimes."); *United States v. Williams*, 576 F.3d 1149, 1158 (10th Cir. 2009) (felon in possession of a firearm and possession with the intent to distribute 50 grams or more of cocaine base deemed serious offenses); *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (possession of a firearm by a felon and witness tampering deemed serious offenses); *Berndt*, 2024 WL 1886122, at *3 (section 922(g)(1) charge based on alleged unlawful possession of nine firearms and 93 rounds of ammunition found to be serious); *United States v. Munlyn*, 607 F. Supp. 2d 394, 398–99 (E.D.N.Y. 2009) (possession of a loaded firearm by a convicted felon "[found] to be a serious offense"); *cf. United States v. Eltahir*, No. 1:16CR170-1, 2016 WL 5400420, at *2 (M.D.N.C. Sept. 27, 2016) (possession of handgun and ammunition by "an illegal drug user, addict, and former mental institution patient . . . are serious").

Brown argues that the offense charged in this case is not "a particularly serious offense" and notes the lack of any evidence that he used the firearm at issue, that anyone was physically harmed, or that the firearm was connected to other crimes. ECF 64 at 10. The Court is not persuaded. The risk of violence that attends the unlawful possession of loaded firearms by persons previously convicted of felonies—combined with such persons' demonstrated lack of respect for the law—underscores the seriousness of the offense. *See Munlyn*, 607 F. Supp. 2d at 399.

Next, Brown argues that he has "colorable legal challenges to this prosecution, . . . including facial and as applied challenges" to the constitutionality of § 922(g)(1). ECF 64 at 10–11. This argument is misplaced. Any legal challenge Brown may have to the pending charge does not diminish the seriousness of the conduct alleged. *See Berndt*, 2024 WL 1886122, at *4 ("[T]he existence of potential legal challenges does not diminish the seriousness of the offense.").

Moreover, as Brown acknowledges, the Fourth Circuit recently held that § 922(g)(1) is facially constitutional, *see United States v. Canada*, 103 F.4th 257, 258 (4th Cir. 2024), and has not deemed the statute unconstitutional as applied to conduct like that alleged against Brown.

In sum, the seriousness of the offense charged in this case weighs in favor of dismissal without prejudice.

### 2.   The Facts and Circumstances Leading to Dismissal

The Court next considers "the facts and circumstances of the case which led to the dismissal . . . ." 18 U.S.C. § 3162(a)(2). In considering this factor, courts generally "focus 'on the culpability of the delay-producing conduct.'" *United States v. Saltzman*, 984 F.2d 1087, 1093 (10th Cir. 1993) (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988), *cert. denied*, 488 U.S. 925 (1988)). "For this factor to weigh in favor of dismissal with prejudice, courts have ordinarily required conduct on behalf of the Government beyond mere inadvertence[,]" *Eltahir*, 2016 WL 5400420, at *2, such as "a truly neglectful attitude," "pattern of neglect," or "bad faith"— "something more than an isolated unwitting violation," *Taylor*, 487 U.S. at 338–39. *See also United States v. Bert*, 814 F.3d 70, 80–81 (2d Cir. 2016) ("[N]egligent conduct by the court or the government renders the second factor . . . neutral, at best where the delay [is] not overly long and there has been no showing of prejudice") (cleaned up). In *Taylor*, the Supreme Court recognized the length of delay as "a measure of the seriousness of the speedy trial violation" that "in some ways is closely related to the issue of the prejudice to the defendant. The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty[.]" 487 U.S. at 340.

Here, Brown points out that 167 days passed between August 24, 2023—the date the last excluded period expired—and the Government's Tolling Motion, filed on February 7, 2024.

Although the delay at issue is a lengthy one, Brown does not argue that the Government was intentionally dilatory in its delay or that it put off seeking a continuance in bad faith, based on ulterior motives, or to gain some tactical advantage. *See United States v. Stevenson*, 832 F.3d 412, 420–21 (3d Cir. 2016); *Bert*, 814 F.3d at 80–81. To the contrary, the delay has placed the Government at a disadvantage by requiring it to file a contested tolling motion and to lodge an opposition to a meritorious motion for dismissal of the indictment. The Court has not been presented with any reason to believe that the Government's failure to file a timely tolling motion was "anything other than an unintentional oversight." *Berndt*, 2024 WL 1886122, at *4. There does not appear to be any dispute that, in an attempt to resolve the case short of trial, counsel for the parties were in communication between February 2023 and February 2024, albeit "intermittently." *See* ECF 59 ("As discussed by the government in ECF No. 57, the parties have engaged in plea negotiations which remain ongoing."); ECF 66 ("Plea negotiations continued intermittently between February 2023 and February 7, 2024 . . . ."). And, as discussed in greater detail below, Brown has identified no prejudice that he has suffered from the length of the delay in this case.

Brown argues that the Government has demonstrated a pattern of filing delayed tolling motions for "retroactive exclusion of time under the [STA,]" citing several cases in which delayed STA tolling motions were recently filed in this District. ECF 64 at 14. Review of the dockets in the cited cases indicates that, in each case, a delayed tolling motion was filed in February 2024. *See United States v. Berndt*, Crim. No. JKB-21-164, ECF No. 47 (D. Md. Feb. 20, 2024); *United States v. Brooks*, Crim. No. MJM-22-60, ECF No. 72 (D. Md. Feb. 20, 2024); *United States v. Jones*, Crim. No. ELH-23-65, ECF No. 22 (D. Md. Feb. 21, 2024). Likewise, the Government's Tolling Motion in the instant case was filed on February 7, 2024. ECF 57. The Government's

delays in the foregoing cases were all contemporaneous and, by every indication, arose from a singular oversight.[2] The Court does not find the fact that the Government's oversight affected multiple cases at the same time amounts to a "pattern of neglect" or reflect "a truly neglectful attitude" sufficient to warrant dismissal with prejudice. *Taylor*, 487 U.S. at 338–39.

In sum, the Court finds the facts and circumstances of the delay in this case neutral as to whether the Indictment should be dismissed with or without prejudice.

### 3.  The Impact of a Reprosecution

The Court next considers "the impact of a reprosecution on the administration of [the STA] and on the administration of justice." 18 U.S.C. § 3162(a)(2). In applying this factor, courts generally consider the need to deter the Government from future STA violations. *See Bert*, 814 F.3d at 83; *Eltahir*, 2016 WL 5400420, at *3. While it is true that "dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays[,]" the STA "does not require dismissal with prejudice for every violation." *Taylor*, 487 U.S. at 342.

> Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. . . . If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would

---

[2] The Court notes that, to date, no motion to dismiss the indictment has been filed in *Jones*, Crim. No. ELH-23-65, or in *Brooks*, Crim. No. MJM-22-60. In *Berndt*, Crim. No. JKB-21-164, a motion to dismiss filed by the defendant was granted in part, and the indictment was dismissed *without* prejudice. *See* 2024 WL 1886122, at *6.

be superfluous, and all violations would warrant barring
reprosecution.

*Id.*

Here, the Court does not find that reprosecution of Brown for unlawful possession of
firearm and ammunition would negatively impact the administration of the STA or the
administration of justice. Again, the Court does not find the Government's delay in filing a tolling
motion to have been intentional. The inadvertent delay in this case is not likely to be repeated, and,
therefore, no purpose would be served by barring reprosecution as a sanction for the STA violation.
*See Reames*, 40 F. App'x 861 (finding no abuse of discretion in district court's dismissal of
criminal complaint without prejudice where the delay in indictment "was due to inadvertence and
was not likely to be repeated, and . . . the purpose of deterring prosecutorial misconduct and delay
would be little served by barring reprosecution of [defendant]").

The potential impact of a reprosecution favors dismissal without prejudice.

### 4.   Prejudice to the Defendant

Finally, the Court separately considers any prejudice to Brown resulting from the STA
violation. "In the related context of a constitutional speedy trial analysis . . . , the Supreme Court
has identified three defense interests bearing on the question of whether a defendant has suffered
prejudice: 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the
possibility that the . . . defense will be impaired.'" *United States v. Gaines*, Crim. No. SAG-22-
0125, 2024 WL 3234007, at *7 (D. Md. June 28, 2024) (quoting *Doggett v. United States*, 505
U.S. 647, 654 (1992)). Here, Brown has offered no information to suggest that his defense against
the pending charge has been impaired by the STA violation in this case. And, although a consent
order of pretrial detention has been entered in this matter, ECF 12, Brown has spent the entirety of

the period at least since June 2023 in state custody serving a sentence of life imprisonment plus 35 years. The delay in this case had no apparent effect on this custody status.

Brown argues as a general matter that prejudice results from "leaving a person in limbo" as to the possibility of reprosecution. ECF 64 at 14. Although the Court can accept this proposition as a general matter, Brown has offered no information to suggest that he would suffer so much anxiety over reprosecution as to call for dismissal of the Indictment with prejudice. *See Berndt*, 2024 WL 1886122, at *5.

In short, Brown has not identified or articulated any prejudice that the delay has caused him or his defense to the pending charge, and the lack of any actual prejudice to Brown as a result of the delay weighs against dismissal with prejudice.

In conclusion, the Court finds that, on balance, the 18 U.S.C. § 3162(a)(2) factors weigh against dismissal with prejudice and in favor of dismissal without prejudice.

## IV.    CONCLUSION

For reasons stated herein, the Defendant's Motion to Dismiss Indictment (ECF 64) will be GRANTED IN PART, and the Indictment (ECF 1) will be DISMISSED WITHOUT PREJUDICE. The Government's Motion to Exclude Time Pursuant to the Speedy Trial Act (ECF 57) and Motion for Leave to File an Untimely Reply (ECF 63) will be DENIED AS MOOT.

A separate Order will follow.


____7/12/24____
Date

_____
Matthew J. Maddox
United States District Judge